United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANDREA MARIA LOPEZ FLORES, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-07830 |
| | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, | § | |
| Respondents. | § | |

**ORDER GRANTING**
**PETITION FOR WRIT OF *HABEAS CORPUS***

It is well known that the current Administration determined to change policy with respect to immigration enforcement and detainers in mid-2025, leading to a wave of petitions for writ of *habeas corpus* in this context. The vast majority of such petitions proceed with respect to detention under 8 USC §1225(b)(2)(A). As to that provision, the Fifth Circuit holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026).

The undersigned has now considered over 450 petitions since challenges in this context began in earnest in September 2025. This includes decision resolving the statutory question under §1225(b)(2)(A) consistent with the interpretation later adopted in *Buenrostro-Mendez*. See *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); see also 166 F4th at 500 n 4 (citing with approval). It also includes decision that procedural due process doesn't require an individualized custody determination beyond

the mandate of §1225(b)(2)(A). See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex). And it includes further decision that the pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period as articulated with respect to post-removal-order detention in *Zadvydas v Davis*, 533 US 678 (2001). See *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).

But with every petition of this kind, the threshold inquiry is whether detention under §1225(b)(2)(A) pertains. For if a petitioner is not an "applicant for admission," then other statutory protections and/or due process rights likely attach and must be observed.

That's the situation here. Petitioner Andrea Maria Lopez Flores is an alien to whom the United Statues previously afforded lawful permanent resident status. And so, in the particular circumstances pertinent to her case, she may not be lawfully detained pursuant to §1225(b)(2)(A).

The petition for a writ of *habeas corpus* by Petitioner Andrea Maria Lopez Flores is granted. Dkt 1. The Government is ordered to immediately and safely release her from detention.

1. Background

Petitioner states that she is a native and citizen of El Salvador who was granted lawful permanent resident status as a child in 2008. Id at ¶26. She was detained at the airport on August 24, 2026, upon her return from a trip to El Salvador. Id at ¶1. The Government issued a Notice to Appear, charging her with inadmissibility and classifying her as an alien seeking admission and thus

subject to detention under 8 USC §1225(b)(2)(A). Id at ¶¶36–37; see also Dkt 8-1 (Notice to Appear)

The petition states that the Government based its recategorization of Petitioner from lawful permanent resident to alien seeking admission due to a prior conviction for second-degree felony robbery involving threats, which is included within the ambit of a crime of moral turpitude under §1101(a)(13)(C)(v). Id at ¶¶2–3, 30–31. Petitioner disputes this conclusion, arguing that the exception for youthful offenders applies to her conviction, as she was seventeen years old at the time of such offense, was granted deferred adjudication, and served no term of confinement. Ibid, citing §1182(a)(2)(A)(ii)(I); see also Dkts 9 at 4 (reply) & 1-6 (deferred adjudication order).

Petitioner filed her petition for a writ of *habeas corpus* on September 16, 2026. Dkt 1. It asserts that Petitioner's present detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Id at ¶¶67–118. The charge of inadmissibility was still pending before an immigration judge at the time of the filing of the petition. Id at ¶¶69–70.

Given the uncertainty of this factual context, the Government was ordered to show cause with a filing establishing the propriety of her continued detention by October 1st. Dkt 7. It complied and responded with a motion for summary judgment. Dkt 8. The Government concedes that Petitioner was seventeen at the time of the offense at issue, but states that she was tried and convicted as an adult. Id at 3. It thus argues that the youthful-offender exception doesn't apply, upon which it argues in turn that she is lawfully held pursuant to §1225(b)(2). Ibid.

On October 6th, Petitioner replied. She acknowledges that the offense constituted an immigration conviction. See Dkt 9 at 2. But she maintains that the youthful-offender exception applies due to her age at the time of the commission of such offense and the circumstances noted above as to its disposition, while further contending that the Government hasn't shown otherwise. Id at 2–3.

On October 9th, the Government was ordered to make a further filing sufficient to show cause as to the propriety of Petitioner's continued detention, as it wasn't clear from its motion that Petitioner's conviction changed her status to an alien seeking admission under §1101(a)(13)(C)(v). Dkt 10 at 2.

On October 15th, prior to such response, Petitioner filed an advisory informing that the immigration judge assigned to her matter had granted the motion by Petitioner to terminate removal proceedings. Dkt 11 at 1. This included a finding by the immigration judge that Petitioner's prior offense indeed fell under the youthful-offender exception provided by §1182(a)(2)(A)(ii)(I), meaning in turn that she wasn't rendered inadmissible under §1182(a)(2)(A)(i)(I). Ibid.

On October 16th, the Government made its further filing in response to the order to show cause. It acknowledges these developments in the underlying immigration proceedings, while further explaining that "the right to appeal that decision has been reserved and is currently under careful evaluation." Dkt 12 at 1. The Government requests additional time "to finish the evaluation" and "expects to have a decision in one to two weeks." Id at 1–2.

2. Legal standard

A district court may grant a writ of *habeas corpus* if a petitioner shows that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 USC §2241(c)(3). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v United States*, 667 F3d 144, 158 (2d Cir 2011), citing *Parke v Raley*, 506 US 20, 31 (1992); see also *Bruce v Estelle*, 536 F2d 1051, 1058 (5th Cir 1976). But the federal government must respond when ordered to "show cause why the writ should not be granted." 28 USC § 2243.

"The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." Ibid.

3. Analysis

The only statutory authority cited by the Government to support Petitioner's continued detention is 8 USC §1225(b)(2)(A), which provides for detention of aliens who are applicants for admission. Dkt 8 at 2. But this isn't the typical case of these types, where the subject alien had never been granted admittance to this country. It is instead undisputed that, at an earlier time, Petitioner was admitted and given status as a lawful permanent resident.

In that context, §1101(a)(13)(C) provides that a lawful permanent resident who returns to the country after departing "shall not be regarded as seeking an admission" unless one of six exceptions applies. The only exception to which the Government points is one pertaining to an alien who "has committed an offense identified in section §1182(a)(2) of this title." §1101(a)(13)(C)(v). And in turn, §1182(a)(2) includes "conviction of certain crimes," such as "a crime involving moral turpitude." §1182(a)(2)(A)(i)(I).

But there is a further carve-out that pertains to this exception, relating to youthful offenders. It generally provides that the exception for a crime of moral turpitude shall not apply to an alien who commits one crime while under the age of eighteen and where any resulting confinement ends at least five years before the reentry. See §1182(a)(2)(A)(ii)(I). Determination in that regard is left to the immigration courts. And the immigration judge with jurisdiction in that respect has now found that Petitioner meets the requirements of §1182(a)(2)(A)(ii)(I). Dkt 11-1.

Given this ruling by the immigration judge, Petitioner isn't properly regarded as an alien seeking admission, meaning in turn that she cannot be detained pursuant to §1225(b)(2)(A). Cf *Rodriguez Nunez v Arteta*, 2025 WL 3458587, at *2 (SDNY) (holding that detention of lawful permanent resident under §1225(b)(2)(A) based on §1101(a)(13)(C)(v) requires showing of commission of

disqualifying offense that transforms such person into alien seeking admission).

Petitioner has thus met her burden to show that she's being held contrary to federal law. See *Skaftouros*, 667 F3d at 158. The Government fails to show cause to the contrary. For example, it notably doesn't cite §1226 as an alternative basis by which to detain Petitioner. But even if such provision did pertain, an alien properly classified under that section is entitled at least to a bond hearing under §1226(a). See also *Jennings v Rodriguez*, 583 US 281, 306 (2018), citing 8 CFR §§236.1(d)(1) & 1236.1(d)(1).

The Government at best requests additional time "to finish the evaluation" as to whether to appeal the decision of the immigration judge. Dkt 12 at 1–2. This is unsatisfactory, for the question on *habeas corpus* is sufficient proof of law and fact *at this time*. The record presented by the Government fails to establish the propriety of Petitioner's continued detention. And further, the issue it presented here with respect to her prior conviction and age has been determined to the contrary by the immigration court. As such, nothing in the present posture of this action suggests that Petitioner's liberty should be so lightly forfeited to the vagaries of an administrative timeline. See *Arcos v Noem*, 2025 WL 2856558, *3 (SD Tex) (where due process protections attach under immigration law, detaining petitioner pending government appeal risks erroneous deprivation that outweighs asserted governmental interest).

The Government also seeks a stay pending *en banc* resolution by the Fifth Circuit of the proceedings in *Sosnava Rodriguez v. Ortega*, No. 26-50183. Dkt 8 at 3–7. But that action considers whether due process rights pertain to detentions under §1225(b)(2)(A) beyond those provided by statute. Given determination above that such statute doesn't apply here, the decision in *Sosnava Rodriguez* won't pertain. As such, no stay is warranted.

The petition for writ of *habeas corpus* will thus be granted. The question then is the appropriate remedy.

The resolution presented by the Government at bottom depended upon a finding that Petitioner is properly detained under §1225(b)(2)(A). It has now been determined that such section doesn't apply. There being no other provision asserted for her detention, no follow-on question need be addressed as to whether she presents a risk of flight or a danger to the community, although it is noted that the Government hasn't mustered any contention as to any such risk or danger. Instead, there being no valid basis upon which to detain Petitioner, an order of release will be entered.

4. Conclusion

The motion by the Government to stay this action pending *en banc* ruling in *Sosnava Rodriguez v Ortega*, or in the alternative for summary judgment, is DENIED. Dkt 8.

The petition by Petitioner Andrea Maria Lopez Flores for a writ of *habeas corpus* is GRANTED due to the failure of the Government to show adequate cause for her detention. Dkt 1.

The motion by Petitioner for immediate release is GRANTED. Dkt 1 at 40.

It is hereby ORDERED that Respondents in this action are RESTRAINED from continuing to hold Petitioner in detention.

It is further ORDERED that Respondents immediately and safely release Petitioner from detention.

It is further ORDERED that Respondents must file an advisory on the current status of Petitioner by 4:00 pm CST on October 23, 2026.

Jurisdiction is at present MAINTAINED over the pending petition for writ of *habeas corpus*.

SO ORDERED.

Signed on October 22, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge